Hillsborough,
No. 5397.

STATE *v.* JON LARO.

Argued October 6, 1965.
Decided October 29, 1965.

*William Maynard,* Attorney General and *Irma A. Matthews,* Attorney (*Mrs. Matthews* orally), for the State.

*Clifford J. Ross* (by brief and orally), for the defendant.

KENISON, C. J. The defendant was indicted in January 1965 for breaking, entering and larceny from a private dwelling in Merrimack, New Hampshire in the daytime on December 5, 1963. RSA 583:3. A trial by jury commencing March 16, 1965, resulted in a verdict of guilty of breaking and entering a private dwelling in the daytime with intent to commit larceny. RSA 583:4. The respondent moved that execution of sentence be withheld and that bail be allowed pending his appeal to this court. This motion was granted and the Trial Court (*Dunfey,* J.) reserved and transferred the defendant's exceptions taken during the trial.

The defendant in pre-trial motions moved (1) that the indictment be quashed because he was not accorded his constitutional right to a speedy trial; (2) to suppress an alleged statement or confession because obtained by force; and (3) that evidence consisting of a pair of boots (overshoes), allegedly the defendant's, taken from his motor vehicle by unlawful search and seizure be suppressed. All of these pre-trial motions were denied by *Loughlin,* J. subject to the defendant's exceptions. The errors claimed in the denial of motions number 1 and number 2 were specifically abandoned by the defendant upon appeal but his motion number 3 was renewed during trial and is the single question presented on this appeal.

There was testimony that the defendant and his accomplice were seen in the vicinity of the house where the break occurred on the date in question. Defendant did not testify at the trial, but his accomplice testified that defendant was wearing overshoes on the date he accompanied the defendant to the private dwelling in Merrimack and that they left footprints in the snow surrounding the house; that the overshoes introduced in evidence by the prosecution were the ones worn by defendant. The accomplice testified that defendant broke into the house by the back door. There was testimony on the part of chief Flanders of the Merrimack police department, who investigated the break, that he found boot marks in the soft snow outside the rear door and window of this residence and that he ordered officer Rafferty

who had accompanied him to the scene, to take photographs of these boot prints.

As to the circumstances under which he obtained the boots from the trunk of defendant's car, chief Flanders testified as follows: "Q. Would you tell us the circumstances under which you obtained the boots? A. Well, when I obtained the boots, Mr. Laro at my calling did come to the police station, and I asked him if I could look in his trunk and he said yes. He went to get the keys out of the ignition and he brought them back to me and he handed them to me, and I said, 'No, Jon. Would you open the trunk for me?' He said, 'Oh, yes. I'll do it for you.' I said, 'Does everything in this trunk belong to you?' and he said 'Yes.' Now, he opened the trunk and Officer Rafferty was there with me and, of course, Jon; and he had a tool box there, and I asked him if the tools were his and he said yes, and he had some coats and jackets and, well, a lot of things that you'd carry only in a garage car, and I came across a pair of boots and I asked him if those were his and he said yes. So then I asked him if I could take the boots into the police station because I had some pictures of footprints, that these looked like the ones I had been looking for on this break, and he said 'Go right ahead.' "

Chief Flanders identified the boots introduced in evidence as the ones taken from the trunk of the defendant's car and testified that the tread on the boots checked with the photograph of the footprints found in the snow at the private dwelling which was burglarized. Officer Rafferty testified that he was present when the defendant opened the trunk of his car voluntarily and consented to the search therein. Although the defendant did not testify at the trial, he did testify at the hearing on the pre-trial motions that he never was asked to open the trunk of his car and that he was not present when it was done. At the same hearing he further testified that the boots found in the trunk were not his. Both chief Flanders and officer Rafferty stated that at the time the boots were taken from the trunk the defendant was being questioned concerning another offense ("gas theft equipment") unrelated to the burglary charge.

The right of every citizen to be secure against unreasonable searches and seizures is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by Part I, *Art.* 19th of the New Hampshire Constitution. *State* v. *Coolidge*, 106 N. H. 186, 190; *Mapp* v. *Ohio*, 367 U. S. 643, 655; *Ker* v. *California*, 374 U. S. 23, 30. This right has been given a high

place in the hierarchy of constitutional rights. Note, Effective Consent to Search and Seizure, 113 U. Pa. L. Rev. 260 (1964). Recent decisions clearly indicate that the right to be secure against unreasonable searches and seizures is not to be diminished or diluted on the grounds of convenience or expediency. *James* v. *Louisiana*, 86 S. Ct. 151 (decided October 18, 1965); *Preston* v. *United States*, 376 U. S. 364; *Stoner* v. *California*, 376 U. S. 483; *Beck* v. *Ohio*, 379 U. S. 89; *Aguilar* v. *Texas*, 378 U. S. 108. The freedom to be free from an unreasonable search and seizure cannot be violated on the basis of assumptions or presumptions. *United States* v. *Di Re*, 332 U. S. 581.

In the present case the search and seizure of boots from the trunk of the defendant's car was not incident to an arrest or buttressed by a search warrant. Consequently the search and seizure is valid only if free, voluntary and knowing consent was given by the defendant. "The right to be secure against unreasonable search and seizure is one that may be yielded." *Manchester Press Club* v. *Commission*, 89 N. H. 442, 444.

Two Trial Judges in two hearings have found that the defendant freely consented to the search of the trunk of his car. We have carefully examined the record in this proceeding and find that the rulings of the Trial Court were amply supported by the evidence. Although the defendant did not testify at the trial his testimony at the pre-trial hearings on the motion to suppress evidence of the boots taken from his car disclosed not even a hint of coercion or intimidation or deception on the part of the police officers toward the defendant. We recognize that submission to a police order is not consent. At the same time we must recognize that it is not the function of appellate courts to find constructive coercion where the triers of fact have found none upon all the evidence and in all the circumstances of the case. We conclude that the motion to suppress the evidence was properly denied at the pre-trial hearing and at the trial on the ground that consent to the search was clearly voluntary. *Robinson* v. *United States*, 325 F. 2d 880, 884 (5th Cir. 1964); *State* v. *Morris*, 243 S. C. 225, 234; *Nicholas* v. *Warden Md. House of Correction*, 232 Md. 663; *State* v. *Hauser*, 257 N. C. 158; see *State* v. *Baron*, 106 N. H. 149, 151; *State* v. *Coolidge*, 106 N. H. 186.

In view of the result reached, it is unnecessary to pass on the contention of the State that the conviction can be sustained on the limited ground that the defendant has waived his right to

object to admission of the evidence of the boots taken from the trunk of the car because he has denied ownership of them. 2 Underhill, Criminal Evidence, *s*. 417 (1965 supp.); *Jones* v. *United States*, 362 U. S. 257. The order is

*Defendant's exceptions overruled; remanded.*

All concurred.