Merrimack
No. 78-200

THE STATE OF NEW HAMPSHIRE

v.

LAWRENCE W. WHITE

August 17, 1979

568

Thomas D. Rath, attorney general (Paul W. Hodes, attorney, orally), for the State.

Dennis Pizzimenti, of Concord, by brief and orally, for the defendant.

DOUGLAS, J.   The defendant, Lawrence W. White, was found guilty of burglary, RSA 635:1, after a jury trial in the Merrimack County Superior Court. Before trial, the Superior Court (Batchelder, J.) denied the defendant's motion to suppress his oral and written confessions. The defendant excepted to the denial of his motion, and the case was reserved and transferred to this court. We remand.

On September 20, 1977, Punky's Mobil Station in Concord was burglarized. Money from car rentals, which was kept separately from

regular receipts in a rear storeroom, was stolen. Money from a cash drawer was also stolen. Officer Paul Perry, who investigated the incident, learned that the defendant was employed at Punky's for one or two months during the summer before the burglary. He also learned that during the weekend of the burglary, the defendant had returned to Punky's seeking employment and was denied a job.

On October 13, 1977, the wife of the owner of the gas station called Officer Perry and told him that the defendant was walking on Fruit Street in Concord. Officer Perry then drove to Fruit Street and stopped the defendant. He testified that he asked the defendant to accompany him to the police station, and said he would explain what he wished to discuss with the defendant at the station. Officer Perry testified that the defendant entered his car and accompanied him to the station. The defendant testified that Officer Perry ordered him to get into the car several times after he did not respond to Perry's first request. The defendant further testified that he felt compelled to go with Perry to the station because Perry was a police officer. After arriving at the station, Officer Perry gave the defendant *Miranda* warnings and proceeded to interrogate him. *Miranda v. Arizona*, 384 U.S. 436 (1966). He elicited the defendant's oral and written confessions and then arrested him. Under cross-examination, Officer Perry testified that, when he left the station and drove to Fruit Street, he intended to pick up the defendant and bring him back to the station for questioning. The officer also testified that the defendant, during the interrogation, inquired about prospective bail if he were to be arrested. The defendant denied asking about bail.

The defendant contends that the police activity constituted an arrest which was illegal because it was not supported by probable cause. If the activity is deemed a temporary detention, he argues alternatively that RSA 594:2, which authorizes such detentions, is unconstitutional. *Cf. Davis v. Mississippi*, 394 U.S. 721 (1969) (fourth amendment meant to prevent intrusions on personal security of citizens whether the intrusions are termed arrests or investigatory detentions). He therefore argues that his oral and written confessions should have been suppressed as the fruits of an illegal seizure under the fourth amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

The State argues that there was no seizure for the purposes of the fourth amendment because the defendant voluntarily accompanied Officer Perry to the police station. *United States v. Brunson*, 549 F.2d 348 (5th Cir. 1977), *cert. denied*, 343 U.S. 842 (1977). It argues further that, whether the defendant was arrested or temporarily detained, there was probable cause sufficient to arrest. RSA 594:10 II (b).

We are unable to determine from the record the basis of the trial court's denial of the defendant's suppression motion. Four separate rationales could have been utilized, but only one, a determination that the defendant's election to accompany Officer Perry was voluntarily made, is constitutionally supportable. We first address the three other rationales.

The trial court may have assumed that the defendant was seized under the fourth amendment, but determined that Officer Perry possessed sufficient information to give him probable cause to arrest the defendant. Read even in the light most favorable to the State, the evidence in the record does not support a finding of probable cause.

■ Officer Perry testified that at the time he picked up the defendant, he was aware of only two facts linking the defendant with the gas station: the defendant's previous employment and his request for employment. Nothing linked the defendant to the burglary itself. The record indicates that there were no footprints near the scene of the burglary which could place the defendant at the scene. *Cf. State v. Schofield*, 114 N.H. 454, 322 A.2d 603 (1974) (facts constituted probable cause where officers obtained bootprints leading from defendant's car to burglarized home and defendant was found two hours later one mile from scene wearing boots matching bootprints. The investigating officer had no identification or description connecting the defendant to the time and place of the burglary); *State v. Hutton*, 108 N.H. 279, 235 A.2d 117 (1967) (facts constituted probable cause where police had descriptions of automobile allegedly used in burglary and appearance of alleged burglars). The police officer in the present case may have had grounds to suspect the defendant of committing the crime, but did not have probable cause to arrest him.

■ If the trial court assumed that the defendant was illegally seized, the motion to suppress might have been denied on a finding that the confessions were sufficiently attenuated so as to permit them into evidence. Again, the evidence does not support such a ruling. The State argues that even if the seizure were illegal, the confession is admissible because the official misconduct was not intrusive and was merely technical. The State has the burden of showing that the confessions were admissible. *Brown v. Illinois*, 422 U.S. 590, 603–04 (1975); *Gullick v. Sampson*, 118 N.H. 826, 395 A.2d 187 (1978). The fact that *Miranda* warnings were given to the defendant does not attenuate the taint of the illegal seizure. The twin considerations of "deterrence and . . . judicial integrity" justify the application of the

exclusionary rule. 422 U.S. at 599. *Miranda* warnings do not remedy or deter violations of fourth amendment rights against coerced self-incrimination. *Id.* at 600–01. The factors to be considered in determining whether the confession was obtained by exploitation of an illegal arrest are the "temporal proximity of the arrest and the confession, the presence of intervening circumstances," and "the purpose and flagrancy of the official misconduct." *Id.* at 603–04. "[T]he admissibility question . . . turn(s) on the causal relationship between [the] violation and the defendant's subsequent confession." *Dunaway v. New York*, 99 S.Ct. 2248, 2260 (1979) (Stevens, J., concurring).

The defendant was seized and brought to the police station at approximately 2:00 p.m. He signed his written confession at 3:00 p.m. There was no intervening event between the detention and the confession. Although the police misconduct was not flagrant, "[misconduct] is relevant . . . only insofar as it has a tendency to motivate the defendant." *Id.* The State has failed to meet its burden of showing the admissibility of the confessions.

The trial court may have relied upon the temporary detention statute, RSA 594:2 II, and found that the interrogation of the defendant was permissible. The temporary detention of the defendant, which is a lesser intrusion than an arrest, requires a showing of probable cause to arrest to support it. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that, "in justifying the particular intrusion the police officer must be able to point to specific and articulable facts, which, taken together with reasonable inferences from those facts, reasonably warrant the intrusion." *Id.* at 21. The Supreme Court has recently distinguished the stop and frisk seizures upheld in *Terry* from detentions for custodial interrogation. *Dunaway v. New York*, 99 S.Ct. 2248 (1979). The Court specifically held that detention for custodial interrogation, whether deemed an arrest or a temporary detention, must'be supported by probable cause to arrest. "[D]etention for custodial interrogation—regardless of its label—intrudes so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrest." 99 S.Ct. at 2258.

This State's detention statute provides that a police officer "may stop any person abroad whom he had reason to suspect of committing, has committed, or is about to commit a crime" in order to ask him several identification questions. RSA 594:2 I. If the person stopped "fails to identify himself and explain his actions to the

satisfaction of the . . . officer . . . [he] may be detained and further questioned and investigated." RSA 594:2 II. Thus temporary detention for questioning is permitted by the statute on the grounds of reasonable suspicion rather than probable cause to arrest. The evidence required to constitute probable cause to arrest is more than that required to constitute reasonable suspicion but less than that required to convict. *State v. Hutton*, 108 N.H. 279, 287, 235 A.2d 117, 122 (1967). There is probable cause to arrest if "the facts and circumstances within the officers' knowlege and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed" by the suspect. *Id., citing Brinegar v. United States*, 338 U.S. 160, 175–76 (1949). The attorney general's law enforcement manual implicitly recognizes that reasonable suspicion is a lesser standard than probable cause: "*If* you have *probable cause to arrest* for a crime *you should make the arrest rather than detaining the person under the four hour law* RSA 594:2." OFFICE OF ATTORNEY GENERAL OF THE STATE OF NEW HAMPSHIRE, LAW ENFORCEMENT MANUAL 22 (1970) (emphasis in original). To the extent that RSA 594:2 permits detention for interrogation on less than probable cause to arrest, we hold that it is unconstitutional under N.H. Const. pt. I, art. 19. *See Dunaway v. New York*, 99 S.Ct. 2248 (1979); *cf. Michigan v. DeFillippo*, 99 S.Ct. 2627 (1979).

Finally, the trial court may have determined that the defendant voluntarily accompanied Officer Perry to the station. Voluntary citizen encounters with the police are distinguished from seizures under the fourth amendment. *United States v. Brunson*, 594 F.2d 348 (5th Cir. 1977), *cert. denied*, 343 U.S. 842 (1977). In the absence of a seizure, the exclusionary rule of *Mapp v. Ohio* is not applied.

Officer Perry testified that the defendant voluntarily accompanied him to the station. He also testified that when he left the station, he intended to pick up the defendant and bring him to the station for questioning. The defendant, however, testified that he felt he had no choice but to accompany the officer to the station. If the defendant was not "free to choose whether to enter or continue an encounter with police," and did not "[elect] to do so," *United States v. Brunson*, 549 F.2d at 357, he was seized.

The resolution of the issue of voluntariness thus involves a determination of the credibility of the witnesses, which is a question

for the trial court. We must therefore remand the case to the trial court for a determination from the totality of the circumstances evidenced in the record whether the defendant voluntarily accompanied Officer Perry to the station. *See State v. Hutton*, 108 N.H. 279, 285–86, 235 A.2d 117, 121 (1967).

In the absence of a finding by the trial court on the issue of voluntariness, we are unable to determine whether the motion to suppress was properly denied.

*Remanded.*

All concurred.