Hillsborough
No. 82-062

### THE STATE OF NEW HAMPSHIRE

v.

### PAUL BIRMINGHAM

December 30, 1982

*Gregory H. Smith*, attorney general (*Michael A. Pignatelli*, assistant attorney general, on the brief), by brief for the State.

*Pizzimenti & Immen*, of Concord, (*Dennis Pizzimenti* on the brief), by brief for the defendant.

PER CURIAM.   The issue in this burglary case is whether there was probable cause to arrest the defendant. We hold that there was.

The defendant was indicted for burglary of a residence in Bedford. He moved to suppress his confession on the ground that he was arrested without probable cause and therefore the confession which he gave while he was unlawfully detained was obtained in violation of his fourth amendment rights. Following a hearing, the motion was denied by *Dalianis*, J., who found the arrest legal and that the defendant had voluntarily waived his rights after *Miranda* warnings. After his conviction, the defendant appealed.

The sole issue argued in this court is the validity of the defendant's arrest. The events are not sharply in dispute, and the evidence supports a finding of the following facts.

Edward Comiskey arrived at his home in Bedford about 1:00 p.m., on January 13, 1981. He noticed that his kitchen door had been broken open. As he approached the door, he saw two persons in neutral-colored clothing run out the back door and into the woods. He called the police, and Officer Gladu arrived in ten or fifteen minutes. He was told that the two persons were fairly young males. Comiskey thought one wore a red hat but was not sure. Gladu found footprints in the snow, radioed the police station, and followed the

footprints for about one and one-quarter miles to the intersection of County Road, where he met Bedford Chief of Police Audette. He continued to follow the two sets of tracks until he lost one of them at Liberty Hill Road. He followed the remaining tracks to New Merrimack Road, about one hundred yards from the intersection of Nashua Road.

Meanwhile, Chief Audette circled the area in his cruiser along with five other cruisers. Audette saw the defendant stepping out of a snowbank onto Nashua Road. He was wearing an army field jacket, a green hat, jeans, and tan hiking or work boots. His pants were wet to the knees, as were Officer Gladu's. His boots were consistent with the footprints Gladu had followed. When questioned, he said he was out for a walk. He was perspiring and said he was exhausted. He was arrested, taken to the police station, give the *Miranda* warnings, and he then confessed.

■ The Supreme Court of the United States, in a line of cases beginning with *Wong Sun v. United States*, 371 U.S. 471 (1963), has laid down the rule that regardless of compliance with *Miranda v. Arizona*, 384 U.S. 436 (1966), and other fifth amendment requirements, any confessions obtained during a period when the defendant's fourth amendment rights are being violated by detention after an illegal arrest must be excluded, unless the prosecution can show that intervening events and other factors have broken the causal connection between the illegal arrest and the confession so that the confession is "sufficiently an act of free will to purge the primary taint." *Brown v. Illinois*, 422 U.S. at 602 (quoting *Wong Sun v. United States*, 371 U.S. at 486); *see Rawlings v. Kentucky*, 448 U.S. 98, 106–07 (1980); *Dunaway v. New York*, 442 U.S. 200, 216 (1979).

Therefore, if the arrest in this case was unsupported by probable cause, the admissibility of the confession would be doubtful. The defendant contends that although there may have been probable cause to stop the defendant for brief questioning, *see Terry v. Ohio*, 392 U.S. 1, 10 (1968), there was not probable cause to arrest, and therefore his confinement at the police station was in violation of his fourth amendment rights. *See Dunaway v. New York*, 442 U.S. at 214–16. We disagree.

■ Probable cause to arrest exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, would warrant a person of reasonable caution to believe that the person to be arrested has committed or is committing a crime. *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949); *see State v. Lemire*, 121 N.H. 1, 4–5, 424

■■■■■■■■■■■■■■■■

A.2d 1135, 1138 (1981); *State v. Hutton*, 108 N.H. 279, 287, 235 A.2d 117, 122 (1967). It is not a question whether a reviewing court entertains the required belief, but rather whether the facts would support such a belief by a reasonable person.

Here, a search along foot tracks leading from the burglarized residence led close to the place where the defendant was found. The defendant's boots were consistent with the type of boots which could have made the tracks. Six police cruisers and numerous officers had been searching the relatively deserted rural area without finding anyone other than an older couple and the defendant. The defendant, when sighted, had clearly been trudging through snow up to his knees and was perspiring and exhausted. His physical condition was inconsistent with his own unlikely explanation that he was out for a walk miles away from his home. All these facts combined support a reasonable belief on the part of the arresting officers that the defendant was indeed one of the two young men involved in the burglary.

■■ In determining probable cause to arrest, we are dealing only with reasonable probabilities and not the amount of evidence required to sustain a conviction or to make out a *prima facie* case. *Brinegar v. United States*, 338 U.S. at 174–76; *accord, Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). We are of the opinion that the arrest in this case met fourth amendment requirements and that the defendant's confinement at the police station was legal and did not therefore taint the defendant's confession.

*Affirmed.*