Cheshire
No. 81-464

THE STATE OF NEW HAMPSHIRE

v.

ROGER W. EMERY

August 31, 1983

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief, and *James D. Cahill, III,* attorney, orally), for the State.

*Cristiano, Kromphold, Green, McMahon & Heed,* of Keene (*Peter W. Heed* on the brief and orally), for the defendant.

BROCK, J. The defendant, Roger Emery, was convicted of two counts of aggravated felonious sexual assault, and one count each of kidnapping, criminal solicitation, and second degree assault, after a bifurcated trial. *See State v. Novosel,* 115 N.H. 302, 303, 339 A.2d 16, 17 (1975). The Superior Court (*Pappagianis,* J.) subsequently found him to be a dangerous sexual offender under RSA chapter 173-A (repealed by Laws 1983, ch. 206) and sentenced him to the custody of the director of mental health for consecutive terms of seven-and-one-half to fifteen years and two-and-one-half to five years. The defendant appeals his convictions on the ground that evidence admitted at trial, which had been seized during a search of his home, should have been suppressed. We affirm.

The defendant was arrested in August 1980, after a woman complained to the Keene police that he had sexually assaulted and abused her. After taking a statement which was signed and sworn to by the victim, two Keene police officers applied for a warrant to

search the bedroom, closets, and cellar of the defendant's residence. The Keene District Court (*Talbot*, S.J.) issued a warrant authorizing the police to search those areas for property described as follows: "Photos of nude and siminude [sic] males and females, restraining devices, jack knife with yellow handle, wooden ladle, paddle, ruler, rubber straps, rubber underclothes and other devices used in S & M sexual activity, i.e., Polaroid type camera."

The police seized extensive evidence from the defendant's bedroom and closets, including certain items which had not been described specifically in the search warrant.

The defendant, alleging that the search warrant was invalid, filed a motion to suppress the evidence. The motion stated that the "items and articles to be seized" were not "described with sufficient particularity," and that the affidavits submitted to obtain the warrant did not support a finding of probable cause because no evidence was presented regarding the credibility of the victim. With regard to the latter argument, the defendant argued that the victim's psychiatric background should have been presented to the justice issuing the warrant so that he could make "an independent [de]termination of her credibility."

At the hearing on this motion, the defendant asserted in support of his first argument only that certain tapes and a tape recorder should be excluded from evidence because they did not reasonably conform to the "general" phrase "other devices used in S & M sexual activity." The Superior Court (*Contas*, J.) granted the defendant's motion to suppress the seized evidence only with respect to the tapes and tape recorder, but otherwise denied it.

At trial, the State introduced numerous items of evidence, most of which fit specific descriptions in the search warrant, including 37 Polaroid color photographs of the victim taken by the defendant, two "wide black rubber bands," one "black rubber band, masklike in cut," one "black rubber band with attached golf ball device," a "black rubber posing strap," ropes and pulleys, a Polaroid camera, a pocket jackknife, a wooden dildo and a wooden stick. A "black rubber mask/hood," a gas mask, and a pair of panties, corresponding to the more general description in the warrant of "other S & M devices," were also admitted.

On appeal, the defendant claims first that *none* of the evidence seized pursuant to the warrant should have been admitted because the terms "restraining devices," "rubber straps," and "other devices used in S & M sexual activity," were so general as to taint the entire warrant, and allowed the police to engage in an unlimited and unconstitutional "exploratory" search.

■ The State responds, as a preliminary matter, that the defendant's present argument is not properly before us because he did not raise it below. While we agree that the defendant failed at oral argument on his motion to suppress to make the specific argument he now raises on appeal, we conclude that the issue is properly before us because his written motion alleges that the warrant was invalid because the items seized were not sufficiently described.

■ Nonetheless, we hold that the defendant's claim fails on its merits, as we do not find the description of items to be seized to be unconstitutionally vague or general. *See Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 325 (1979). The degree of specificity required in a search warrant depends upon the nature of the items to be seized. *State v. Salsman*, 112 N.H. 138, 142, 290 A.2d 618, 621 (1972); *see* R. MCNAMARA, 1 NEW HAMPSHIRE PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 60 (1980).

■ We fail to see how the State in this case could have better described the various rubber strap items, ropes, and pulleys found in the defendant's bedroom and closets, than to describe them as "rubber straps" and "restraining devices." If the phrase "devices used in S & M sexual activity, i.e., Polaroid type camera" stood alone in a search warrant, it might be considered unconstitutionally general; however, this phrase does not stand as the sole description of the items to be seized in the defendant's home. Rather, the warrant lists numerous specific items which had been described by the victim, and ends with the phrase *"and other"* S & M devices, which simply provided for the seizure of *other* S & M devices, like those listed specifically, including the noted Polaroid camera. *See Andresen v. Maryland*, 427 U.S. 463, 479–81 (1976) (use of "other fruits" clause at end of particularly described list of items does not render warrant unconstitutionally general).

■ The defendant also argues that the police failed to make the victim's troubled psychiatric background known to the justice who issued the warrant, and that he should have been allowed to introduce evidence attacking the victim's credibility at the suppression hearing. We note that the affidavit given by the police in support of their application for a search warrant specifically stated that the victim was an "outpatient of Monadnock Family and Mental Health Service," and that the defendant has in no way made even a preliminary showing that the police misrepresented or concealed this fact from the justice who issued the warrant. *See State v. Spero*, 117 N.H. 199, 204, 371 A.2d 1155, 1158 (1977).

 More generally, however, we hold that the credibility of the victim of a crime does not need to be proven or bolstered when the police apply for a search warrant. Absent a strong showing of falsehood or material misrepresentation by the police, attacks on the credibility of a victim have no place in a suppression hearing, whether or not they may eventually be relevant and permissible at trial. A finding of probable cause to support a search warrant does not require more than a showing of "a strong probability that the facts alleged are true." *State v. Comeau,* 114 N.H. 431, 434, 321 A.2d 590, 592 (1974); *see State v. Breest,* 116 N.H. 734, 744, 367 A.2d 1320, 1328 (1976). Probable cause is not tantamount to proof beyond a reasonable doubt. *State v. Reynolds,* 122 N.H. 1161, 1163, 453 A.2d 1319, 1320 (1982).

*Affirmed.*

All concurred.