Merrimack
No. 87-430

### THE STATE OF NEW HAMPSHIRE

v.

### PHILIP FITANIDES

December 28, 1988

*Stephen E. Merrill,* attorney general (*Andrew W. Serell,* assistant attorney general, on the brief and orally), for the State.

*Roussos & Boeckeler,* of Manchester (*John C. Boeckeler* on the brief and orally), for the defendant.

BROCK, C.J.  The defendant, Philip Fitanides, appeals from his conviction in the Superior Court (*Cann,* J.) for unlawful retail sales of fireworks and unlawful exposure of fireworks for sale at retail under RSA chapter 160 (replaced by RSA chapter 160-A, effective May 3, 1988), on the ground that the description of items to be seized in a search warrant failed to satisfy the particularity requirements of both part I, article 19 of the State Constitution and the fourth amendment of the Federal Constitution. The defendant argues that the Superior Court (*M. Flynn,* J.) erred in denying his motion to suppress certain evidence seized pursuant to the search warrant. For the reasons that follow, we affirm.

On May 28, 1986, the Concord District Court (*Sullivan,* J.) issued a warrant authorizing the search of the Hooksett Trading Post, in Hooksett, for "fireworks, smokebombs, records, ledgers, U.S. Currency, and slot machines." The underlying affidavit revealed that on several occasions New Hampshire State Police officers assigned to a special investigation unit had purchased fireworks from the defendant, manager of the Hooksett Trading Post. The officers also witnessed the delivery of a shipment of fireworks and observed many customers purchasing fireworks and playing slot machines at this establishment, which operates as a secondhand merchandise store. These facts and others stated in the affidavit led to the belief that the defendant was illegally selling fireworks at retail, exposing and offering to sell fireworks at retail, and in possession of gambling devices. Based on this affidavit the district court judge found that there was probable cause for believing that

"fireworks, smokebombs, and slot machines [were] being unlawfully sold/and or possessed."

After the execution of the warrant, the defendant was charged with unlawful retail sales of fireworks and unlawfully exposing fireworks for sale at retail, in violation of RSA chapter 160. The defendant subsequently moved to suppress evidence seized pursuant to the search, partially on the basis that the warrant lacked sufficient particularity with respect to the items to be seized, in violation of the fourth amendment of the Federal Constitution and part I, article 19 of the State Constitution. The court denied the motion, finding that "[a] fair reading of the entire warrant authorized seizure of fireworks, smokebombs and slot machines which [were] . . . unlawfully sold or possessed, and records, ledgers and U.S. currency relative to the unlawful sale or possession . . . [of these items]." After a jury trial, the defendant was found guilty of all charges. He then moved to set aside the verdict, arguing in part that the court erred in denying the motion to suppress and in admitting evidence obtained as a result of the search. The motion was denied, and the defendant appealed to this court.

Because the defendant has raised both State and federal constitutional claims, we will examine the State claim first, and then, if necessary, look to the federal claim to determine whether it provides the defendant with greater protection. *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983); *cf. State v. King*, 131 N.H. 173, 176, 551 A.2d 973, 975 (1988).

■ We first address the defendant's argument that because the warrant's description of "fireworks, smokebombs, . . . and slot machines" fails to limit the search to only those items which were unlawful, it constitutes a "general" warrant in violation of part I, article 19 of the State Constitution. This provision requires, in pertinent part, that all search warrants be "accompanied with a special designation of the persons or objects of search, arrest, or seizure . . ." N.H. CONST. pt. I, art. 19. The law is well established, however, that the specificity required in a search warrant depends upon the nature of the items to be seized. *State v. Emery*, 123 N.H. 630, 633, 465 A.2d 922, 924 (1983); *State v. Salsman*, 112 N.H. 138, 142, 290 A.2d 618, 621 (1972); *see* R. MCNAMARA, 1 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 60 (1980).

In *State v. Emery*, we held that the description of various items described in a search warrant was not unconstitutionally vague or general because we "fail[ed] to see how the State . . . could have better described the various rubber strap items, ropes, and pulleys

found in the defendant's bedroom and closet. . . ." *State v. Emery,*
123 N.H. at 633, 465 A.2d at 924.

In the instant case, we are presented with a warrant which could
not reasonably have described fireworks, smokebombs, and slot
machines in greater detail. The defendant argues that the warrant
should have limited the search only to those items which were
unlawful. For support, he points to the trial court's order,
interpreting the warrant as implicitly authorizing only the "seizure
of fireworks, smokebombs and slot machines which are *unlawfully*
sold or possessed." (Emphasis added.) However, the trial court
failed to recognize that neither the defendant, nor the facts in the
record, suggest how the officers executing the warrant could have
distinguished the unlawful items from those held for lawful sale,
their only distinction being the manner of sale. Further, there were
no facts which indicated, for example, that the unlawfully possessed
fireworks were identifiable or kept separate from the lawfully
possessed fireworks. Thus, on this record, a more precise descrip-
tion of the goods to be seized was a practical impossibility. *See
United States v. Cortellesso,* 601 F.2d 28, 32 (1st Cir. 1979), *cert.
denied,* 444 U.S. 1079 (1980).

■ Our inquiry, however, does not end here, because a generic
description of items in a warrant is permissible only where
probable cause exists to believe that a large collection of similar
contraband is present. *See United States v. Cortellesso, supra* at 30
("where goods are of a common nature and not unique there is no
obligation to show that the ones sought . . . necessarily are the ones
stolen, but only to show circumstances indicating this to be likely"
(quoting *Vitali v. United States,* 383 F.2d 121, 122 (1st Cir. 1967))).
This requirement ensures the likelihood that the items seized were
in fact unlawful. *See id.* at 31–32. *Compare id. with United States
v. Klein,* 565 F.2d 183, 188 (1st Cir. 1977) (warrant insufficiently
particular where affidavit failed to indicate presence of large
collection of illegally reproduced audiotapes on premises). In this
case, the affidavit underlying the warrant establishes a reasonable
belief that the defendant had dedicated a large portion of his
inventory of fireworks to unlawful sale. On several occasions within
a period of five days, investigating police officers purchased and
observed the purchase of fireworks, witnessed the delivery of a
shipment of fireworks, and played and observed customers playing
slot machines.

We likewise find no fault with the warrant description of "U.S.
Currency," because the record does not indicate how the currency
could have been described with greater specificity, and because

probable cause existed to search for the fruits of the defendant's illegal activity. *See United States v. Kornblau,* 586 F. Supp. 614, 624–25 (S.D.N.Y. 1984) (warrant listing "cash" as item to be seized sufficiently particular); *Hanger v. United States,* 398 F.2d 91, 98 (8th Cir. 1968), *cert. denied,* 393 U.S. 1119, *reh'g denied,* 395 U.S. 971 (1969); *cf. U.S. v. Pryor,* 652 F. Supp. 1353, 1369 (D. Me. 1987).

We now turn to the defendant's additional contention that, while a more detailed description of fireworks, smokebombs and slot machines is arguably unreasonable, the warrant description of "records [and] ledgers" is unconstitutionally general in violation of the State Constitution. The defendant asserts that the trial court impermissibly added language to the warrant, by implication, in order to provide it with sufficient particularity. This argument fails. We will not read individual words of a warrant in isolation; the words "records [and] ledgers" must be read in their proper context. *See Emery,* 123 N.H. at 633, 465 A.2d at 924; *see also Andresen v. Maryland,* 427 U.S. 463, 480–81 (1975); *see also U.S. v. Storage Spaces Designated Nos. 8 & 49,* 777 F.2d 1363, 1370 (9th Cir. 1985), *cert. denied,* 107 S. Ct. 1291 (1987) (preceding items listed in a search warrant implicitly limited otherwise overbroad description of contested item). Here, the warrant directed the search and seizure of "fireworks, smokebombs, records, ledgers, U.S. Currency, and slot machines," after stating that probable cause existed to believe that "fireworks, smokebombs, and slot machines [were] . . . being unlawfully sold/and or possessed." Reading the warrant in a common-sense fashion, we conclude that the description of records and ledgers was implicitly limited to those records and ledgers related to the sale or possession of fireworks, smokebombs and slot machines. *See Emery,* 123 N.H. at 633, 465 A.2d at 924; *see also Andresen, supra* at 479–82 (use of "other fruits" clause not impermissibly general when read in context of preceding language).

■ Just as the affidavit established probable cause to seize the entire inventory of fireworks, smokebombs and slot machines, it also established probable cause to search and seize records and ledgers relating to these items. *See United States v. Hershenow,* 680 F.2d 847, 851–52 (1st Cir. 1982) (warrant description of defendant's accident patient files sufficiently particular where underlying affidavit established probable cause to seize all files). Limited in this way, we hold that the description of records and ledgers, in addition to the description of fireworks, smokebombs, U.S.

currency and slot machines, meets constitutional standards of particularity under part I, article 19 of our State Constitution.

Finally, as indicated by our reference to federal case law, the Federal Constitution provides the defendant with no greater protection, *see Andresen,* 427 U.S. at 479–82; *Cortellesso,* 601 F.2d at 31–32, and we need not consider the defendant's fourth amendment claim further.

*Affirmed.*

All concurred.