Durham District Court
No. 7268

STATE OF NEW HAMPSHIRE

v.

BOYD BRODHEAD

January 31, 1976

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* assistant attorney general, by brief for the State.

*Shute, Engel & Frasier,* by brief, for the defendant.

LAMPRON, J.   The issue presented is the validity of the arrest of the defendant on a charge of operating a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975). At the conclusion of the state's case, the defendant moved for dismissal on the basis that there was no proper arrest made. The Court *(Viel,* J.) transferred without ruling on an agreed statement of facts two legal questions raised by the motion. The case was entered in this court on July 21, 1975, and submitted on briefs on December 3, 1975.

There being no transcript of the trial, the issue presented must be decided on the following agreed facts: "The defendant was operating a motor vehicle upon a public way. He was stopped by a state police officer dressed in civilian clothes; who, at that time, was operating a State owned motor vehicle and ... was driving the Governor of New Hampshire. The defendant was asked to step out of his motor vehicle to perform a physical agility test. Then, the defendant was told to sit in his own motor vehicle. The defendant

sat in his own motor vehicle. A short time later, a different state police officer, dressed in the regulation police uniform and operating a conventional state police cruiser, arrived at the scene. His arrival was upon request of the original state police officer who stopped the defendant.

"The second state police officer requested the defendant to get out of his motor vehicle and the defendant was requested to perform a number of physical agility tests. After completing the ... tests for the second ... officer, the defendant was arrested without a warrant by the second ... officer. He was given the implied consent warnings and transported away from the scene by the second ... officer. There was no motor vehicle accident and there was no warrant issued by the second ... officer ... [who] did not see the defendant operating his motor vehicle .... The complaint instituting the ... case in court was signed by the first state police officer."

RSA 594:1 defines an arrest as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." "[T]o constitute an arrest there must exist an intent on the part of the arresting officer to take the person into custody and a corresponding understanding by the person arrested that he is in custody." *State v. Hutton,* 108 N.H. 279, 285, 235 A.2d 117, 121 (1967). No magic words or the filing of specific charges are required. *State v. Garceau,* 108 N.H. 209, 211, 231 A.2d 625, 627 (1967). Whether or not an arrest has taken place depends upon the "context of the circumstances" or "the facts of the incident". *Taylor v. Arizona,* 471 F.2d 848, 851 (9th Cir. 1972), *cert. denied,* 409 U.S. 1130 (1973); *State v. Schofield,* 114 N.H. 454, 456, 322 A.2d 603, 604 (1974).

The first police officer observed the defendant driving on a public way, stopped him as a result, and had him perform the tests to help ascertain his state of sobriety. As a consequence he told the defendant to sit in his own motor vehicle, thus intending to detain him instead of informing him to go if he had intended otherwise. *See* ALI Model Code of Pre-Arraignment Procedure § 120.5 (1) (Proposed Official Draft — approved May 1975). The defendant sat in his car until the other officer summoned by the first arrived thus indicating that the defendant knew he was not free to leave and remained where he was ordered by the first officer.

Because of his special assignment the first officer, who later signed the DWI complaint under which the defendant was prosecuted, sought the assistance of a fellow officer to convey the de-

fendant to the police station. RSA 594:6. We hold that under the facts and circumstances the first officer had reasonable ground to believe that the defendant had "committed a misdemeanor in his presence" and he exercised sufficient custody or restraint of the defendant to constitute his arrest. RSA 594:10 I; RSA 594:1 I; *State v. Hutton,* 108 N.H. 279, 285, 235 A.2d 117, 121 (1967).

The answer to the first question transferred: "1. Was there a valid arrest pursuant to the statutes of the State of New Hampshire?" is "Yes". The answer to the second question: "2. Upon the evidence, should the defendant's motion to dismiss be granted?" is "No".

*Remanded.*

All concurred.