Belknap
No. 7123

STATE OF NEW HAMPSHIRE

v.

LOUIS WOLFSON

April 30, 1976

228

David H. Souter, attorney general, and James L. Kruse, assistant attorney general (Mr. Kruse orally), for the State.

Shaw & Robertson and Brian G. Doherty (appearing under Rule 23) (Mr. Robert Shaw orally) for the defendant.

GRIFFITH, J.   This is a motion to suppress evidence relied on in the defendant's conviction for possession of a controlled drug in violation of RSA 318-B:2 (Supp. 1975). The evidence in question was secured by a search of the person of the defendant, a passenger in a vehicle stopped by the police for speeding. After hearing, the defendant's claim that the search was illegal was rejected, and the motion to suppress denied. The question of law raised by the defendant's exception thereto was reserved and transferred by Keller, C.J.

On February 10, 1974, a speeding car, with Massachusetts registration "WILD 1", was observed traveling south on Route I-93. Police Officers McCarthy and Paine stopped the vehicle and approached it from both the driver and passenger sides for investigation. While Officer Paine observed from the passenger side, Officer McCarthy spoke with the driver. Upon the opening of the driver's window, Officer McCarthy recognized a strong odor of marijuana, and noticed that the driver's eyes were bloodshot and that he appeared to be in a stupor. Officer McCarthy then took the driver to the rear of the vehicle, ordered him to place his hands on the trunk of the car, and informed him that he was under arrest for operating a vehicle while under the influence of a controlled drug.

Officer Paine then ordered the defendant to leave the vehicle. He took the defendant to the rear of the vehicle where the driver was being held and had him place his hands on the trunk. Officer Paine then left the defendant in Officer McCarthy's custody while he returned and looked inside the car from the passenger side. On the front seat, he observed a ski jacket and found a foil package containing a marijuana cigarette which had apparently fallen from the jacket onto the passenger side of the front seat. Officer Paine resumed custody of the defendant while further investigation of the vehicle by Officer McCarthy and a trooper who had subsequently arrived on the scene revealed the presence of additional traces of marijuana. At this time, Officer Paine conducted a pat-down search of the defendant. Upon discovery of a large bulge in the defendant's pocket, Paine seized a prescription vial containing what appeared to be hashish, a pipe and cigarette pap-

ers. The driver, the defendant, and a second passenger were then escorted by the police to the Tilton Police Station, where the defendant was formally charged with possession of a controlled drug.

The question we are asked to decide is whether an arrest of the defendant had been effected at the time the search of his person was made, so as to justify the search as one incident to a valid arrest. *United States v. Robinson,* 414 U.S. 218 (1973). Contrary to the defendant's contention that the arrest was not made until charges were formally presented at the station house, we conclude that the defendant was under arrest at the time the search was made.

It is clear that under the facts presented herein an arrest of the defendant was authorized. RSA 594:10 I empowers a peace officer to arrest without a warrant whenever he has reasonable ground to believe that a misdemeanor has been committed in his presence. In the instant case, the odor of marijuana, the bloodshot eyes and the condition of the driver, the presence of a marijuana cigarette on the defendant's seat, and the finding of the remains of marijuana cigarettes in the car's ashtray furnished the police officers with reasonable grounds to believe the defendant guilty of the misdemeanor of being knowingly in the presence of a controlled drug. RSA 318-B:26 II (Supp. 1975).

RSA 594:1 I defines an arrest as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." To constitute an arrest no magic words or formal declaration of arrest is required. *State v. Brodhead,* 116 N.H. 39, 40, 351 A.2d 57, 58 (1976); *State v. Garceau,* 108 N.H. 209, 211, 231 A.2d 625, 627 (1967). All that is necessary is that there exist an intent on the part of the arresting officer to take the person into custody and a corresponding understanding by the person arrested that he is in custody. *State v. Brodhead,* 116 N.H. 39, 40, 351 A.2d 57, 58 (1976); *State v. Hutton,* 108 N.H. 279, 285, 235 A.2d 117, 121 (1967). Whether or not an arrest has taken place depends upon "the context of the circumstances" or "the facts of the incident." *Taylor v. Arizona,* 471 F.2d 848, 851 (9th Cir. 1972), *cert. denied,* 409 U.S. 1130 (1973); *State v. Brodhead, supra* at 40, 351 A.2d at 58. Here the defendant was ordered to leave the vehicle, he was taken to the rear of the car and required to place his hands on the trunk, and he was guarded by a police officer at all times. Under such circumstances, we find that the officers clearly intended to hold the defendant in custody, and that the defendant correspondingly understood that he was not free to leave.

Accordingly, we hold that the police officers herein exercised sufficient custody or restraint of the defendant prior to the making of the search to constitute his arrest at that time. *State v. Brodhead,* 116 N.H. 39, 41, 351 A.2d 57, 59 (1976).

*Exception overruled.*

All concurred.