Strafford
No. 7791

THE STATE OF NEW HAMPSHIRE

v.

PAUL ROCHELEAU

October 17, 1977

*David H. Souter,* attorney general, and *Richard B. McNamara,* attorney (*Mr. McNamara* orally), for the state.

*William P. Shea* and *Lee W. Mattson,* of Sanbornville (*Mr. Mattson* orally), for the defendant.

KENISON, C.J.    The defendant was convicted of driving while under the influence of intoxicating liquor in violation of RSA 262-A:62 (Supp. 1975) in the Dover District Court. Defendant appealed his conviction to the Strafford County Superior Court. Prior to trial, the defendant moved to suppress the results of a blood test upon the ground that he had not been placed under ar-

rest at the time the blood sample was taken. The Court (*Mullavey,* J.) denied defendant's motion after hearing, and defendant seasonably excepted to the court's ruling. The defendant was found guilty by the court after a jury-waived trial, and the issues raised by these exceptions were then reserved and transferred to this court. RSA 491:17.

The defendant while operating his motor vehicle was involved in a single car accident in Dover, New Hampshire, on June 22, 1976, causing injuries to the defendant. An officer of the Dover Police Department arrived at the scene and rode with the defendant in the ambulance to the hospital. While in the emergency room, after considering the defendant's general appearance and noticing an odor of alcoholic beverages about him, the officer told the defendant that he was placing him under arrest and advised him of his rights under RSA 262-A:69-a (Supp. 1975) (the implied consent law). He requested the defendant to submit to a blood test and the defendant consented. Shortly after the blood sample was taken the officer left the hospital, without taking any further action with respect to the defendant. The defendant was subsequently released from the hospital and returned home.

The following day the officer went to the defendant's home but learned that he had been readmitted to the hospital early that day, where he remained until July 14, 1976. The officer took no further action until August 13, 1976, when he served upon the defendant a summons to appear in court. The defendant was never arraigned and no bail proceedings took place pursuant to the arrest.

Defendant contends that his motion to suppress should have been granted because it is required that there be an arrest before a blood sample can be obtained pursuant to the implied consent statute, RSA 262-A:69-a (Supp. 1975); *State v. Scanlon,* 110 N.H. 179, 263 A.2d 669 (1970), and that here an arrest never in fact occurred.

RSA 594:1 defines an arrest as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." To constitute an arrest there must exist "an intent on the part of the arresting officer to take the person into custody and a corresponding understanding by the person arrested that he is in custody." *State v. Wolfson,* 116 N.H. 227, 229, 356 A.2d 692, 694 (1976); *State v. Brodhead,* 116 N.H. 39, 40, 351 A.2d 57, 58 (1976); E. Fisher, Laws of Arrest 43 (1967). No magic words or formal declaration of arrest is required. *State v.*

*Garceau,* 108 N.H. 209, 211, 231 A.2d 625, 627 (1967). Nor is it necessary that the defendant subsequently remain in custody or that a criminal complaint be instituted against him to have had a valid arrest. RSA 594:18; *State v. Hutton,* 108 N.H. 279, 288, 235 A.2d 117, 123 (1967); *O'Connor v. Bucklin,* 59 N.H. 589, 591 (1879). Whether or not an arrest has in fact taken place depends upon the facts and circumstances of each case. *State v. Brodhead,* 116 N.H. at 40, 35 A.2d at 58.

The officer in this case asserted as much control over the defendant as the situation reasonably permitted. He accompanied the defendant on the trip to the hospital and remained with him while in the emergency room. *See State v. Desjardins,* 110 N.H. 511, 514, 272 A.2d 599, 602 (1970). In the emergency room defendant was informed that he was under arrest for driving while under the influence. He was also informed of his rights under the implied consent law at this time. *Compare id.* at 512, 272 A.2d at 601. These statements, while not conclusive, E. Fisher, The Law of Arrest § 26 (1967), are evidence of "an intent on the part of the arresting officer to take the person into custody and a corresponding understanding by the person arrested that he is in custody." *State v. Wolfson,* 116 N.H. at 229, 356 A.2d at 694. That the defendant did not remain in the officer's custody after the blood sample was taken does not alter the fact that there had been an arrest. The officer could decide that, considering the defendant's condition and the seriousness of the offense, he should be allowed to remain in the hospital and answer the charges at a later date, without negating the fact that there had been an arrest. RSA 594:18; *State v. Hutton,* 108 N.H. at 288, 235 A.2d at 123.

We conclude that the facts in this case warrant the conclusion that the defendant was under arrest when he submitted to the blood test.

*Defendant's exceptions overruled.*

All concurred.