**Lorne Donald DAVEY, Plaintiff,**

v.

**Richard TOMLINSON, Maynard Hopson, William Hudson, Steven Dest and City of Detroit, Defendants.**

**Civ. No. 83–CV–2977–DT.**

United States District Court,
E.D. Michigan, S.D.

Feb. 10, 1986.

As Amended May 15, 1986.

Peter J. Rogissart, Livonia, Mich., for plaintiff.

Thomas H. Peterson, III, City of Detroit Law Dept., Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, District Judge.

This is a federal civil rights action based on the alleged unlawful arrest, detention, and prosecution of the plaintiff, Mr. Lorne D. Davey. Plaintiff seeks damages against several Detroit Police Officers as well as the City of Detroit.

### I.

The complaint, filed on July 22, 1983, states that plaintiff was driving his car on July 22, 1981, in an alleyway near the intersection of Appleton and Grand River in Detroit. The plaintiff was then stopped and arrested by Detroit Police Officer Richard Tomlinson. Plaintiff argues that his arrest was without a warrant and without probable cause. Furthermore, plaintiff states that he was "pushed ... over the hood of his automobile and handcuffed ... and forced" into a police car. Complaint at ¶ 11–13.

Plaintiff also alleges that Officer Tomlinson and Officers Maynard Hopson and William Hudson, called as back-up to the scene where plaintiff was arrested, entered into a conspiracy to deprive plaintiff of his constitutional rights. Another unnamed officer, plaintiff argues, threatened to kill him and was also a member of the conspiracy.

The remaining allegations in the complaint, those contained in paragraphs 19–31, allege state law claims for false arrest, false imprisonment, malicious prosecution, negligence, and gross negligence.

Plaintiff's arrest apparently stemmed from a citizen complaint about someone exposing himself in the Sixteenth Precinct

area of Detroit. A resident of that area, Cynthia Teal, stated that she saw someone parked outside of her home at 8:00 a.m. on July 22, 1981.[1] She testified:

> I opened the front door and I looked out and I saw a baby blue Cutlass ... it was chilly out and I noticed he didn't have a shirt on. There were two little girls in the street and, apparently, he said something to them because they took off running....

Transcript at 34.

Ms. Teal further stated that the same man reappeared in the neighborhood several hours later. She said that he pulled up in front of her house. "[H]e had nothing on," she said, "he was masturbating." Transcript at 35. Later the same day, Ms. Teal testified, the man drove near her home on two other occasions. A neighbor then got the man's license plate number, and Ms. Teal called it in to police. The Sixteenth Precinct dispatched Officer Tomlinson to investigate the matter.

After talking with Ms. Teal, Officer Tomlinson was patrolling the area when he spotted a car matching the description given by the neighbors. He stopped the car, saw that the driver was wearing only shorts and shoes, and then arrested him. See Police Incident Report. Plaintiff was subsequently charged with indecent exposure and acquitted by a Detroit Recorder's Court jury. *Michigan v. Davey*, 81–53596 (Sept. 8, 1981). The present action followed.

### II.

Plaintiff predicates jurisdiction on 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, the first, fourth, fifth, sixth, eighth and fourteenth amendments to the United States Constitution. As a threshold matter, the court must determine whether jurisdiction is proper under the numerous statutory and constitutional provisions upon which plaintiff relies.

---

1. The testimony of Ms. Teal is taken from the Recorder's Court trial of the plaintiff. The testimony is included in this opinion solely to give some factual background to this matter, and is not used for any substantive purpose.

Plaintiff's section 1981 claim cannot withstand scrutiny. That section, originally enacted as part of the Civil Rights Act of 1866, was aimed at abolishing slavery, its badges, and incidents. *Winston v. Lear-Siegler, Inc.*, 558 F.2d 1266 (6th Cir.1977). The statute protects against race or alien based discrimination by providing all persons with the same rights as "white citizens." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

In order to state a claim under section 1981, plaintiff must allege that he was treated differently because of his race. *Long v. Ford Motor Co.*, 496 F.2d 500 (6th Cir.1974); *German v. Killeen*, 495 F.Supp. 822 (E.D.Mich.1980). These allegations should be supported by specific acts, practices, or policies which resulted in the alleged discrimination. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844 (4th Cir.1979).

In his complaint, plaintiff alleges that he was illegally arrested, roughed up, wrongfully charged with indecent exposure in Detroit Recorders Court, and eventually found not guilty by a jury. These allegations, considered against the backdrop of Rule 8(f), Fed.R.Civ.P., do not satisfy the requirements for a section 1981 claim. There is no claim or inference that plaintiff was treated any differently than a "white citizen." Thus, plaintiff's section 1981 claim is unsupported by any facts or inferences and must be dismissed.

The same deficiencies plague plaintiff's section 1985(3) claim. That section makes actionable a conspiracy to deprive a person of the equal protection of the law. Unlike section 1983's color of state law requirement, section 1985(3) applies only to private conspiracies predicated on "racial, or perhaps otherwise class-based, insidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971); *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). It is necessary to allege a conspiracy, the acts in furtherance thereof, and that the acts stemmed from a class-based animus. *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971). The Court in *Griffin* stated:

> The language [of the statute] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, insidiously discriminatory animus behind the conspirators' action.

403 U.S. at 102, 91 S.Ct. at 1798. No such animus being alleged here, the section 1985 claim must be dismissed.

Furthermore, there is nothing alleged to back plaintiff's claim of a conspiracy. Plaintiff argues in conclusory fashion that defendants conspired to deprive him of his constitutional rights but does not go any further. There are no allegations of specific acts or the means by which defendants are alleged to have conspired. There is not enough to show a conspiracy. *Copley v. Sweet*, 234 F.2d 660 (6th Cir.1956).

Since a section 1986 claim, which plaintiff also asserts, is "designed to punish those who aid and abet violations of section 1985," that claim cannot stand. Without a violation of section 1985(3), there can be no violation of section 1986. *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir.1980); *Hahn v. Sargent*, 523 F.2d 461 (1st Cir.1975); *German v. Killeen*, 495 F.Supp. at 829–30. ("A section 1986 claim is totally dependent upon section 1985 for vitality.")

Moreover, the court is troubled by plaintiff's shotgun approach at pointing to specific constitutional guarantees he contends were violated. There are *no* allegations or inferences which would suggest violations of the first, fifth, or sixth amendments. Furthermore, plaintiff's claim under the eighth amendment must be dismissed. The eighth amendment prohibition against cruel and unusual punishment applies only to those convicted of criminal offenses. Since plaintiff was not convicted, any potential claim would be for deprivation of due process. *Bell v. Wolfish*, 441

U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

### III.

Plaintiff is left, therefore, with a statutory claim purporting to arise under section 1983. Count I of his complaint also alleges fourth and fourteenth amendment rights. As noted *supra*, plaintiff does allege several pendent state law claims.

### IV.

This matter is now before the court on defendant's motion to dismiss, or in the alternative, for summary judgment. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.,* 513 F.2d 1176 (6th Cir.1975). In a light most favorable to plaintiff, assuming all allegations are true, the court must determine whether the complaint states a valid claim for relief. At this juncture, plaintiff's complaint must be liberally construed.

The U.S. Supreme Court said in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957):

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 78 S.Ct. at 102.

■ A complaint should set forth sufficient information to outline the elements of the claims asserted to permit inferences to be drawn. Rule 8, Fed.R. Civ.P.; *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). When considering a dismissal on the pleadings, district courts must scrutinize plaintiff's civil rights claims with special care. *Lucarell v. McNair,* 453 F.2d 836 (6th Cir. 1972).

### V.

Section 1983 of the Civil Rights Act provides a cause of action for the "deprivation of any rights, privileges, or immunities se-cured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." 42 U.S.C. § 1983. The statute's primary purpose, as the Supreme Court said in *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), is "the preservation of human liberty and human rights...." Id. at 636, 100 S.Ct. at 1408. *See also* Blackmun, Section 1983 and Federal Protection of Individual Rights—Will the Statute Remain Alive or Fade Away?, 60 N.Y.U.L. Rev. 1 (1985).

In *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), the Court noted the requirements under section 1983.

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Id.* at 640, 100 S.Ct. at 1923. See also *Monroe v. Pape,* 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961).

■ There is no dispute here that the officers involved acted under color of state law. Therefore, the sole question before the court is whether plaintiff has been deprived of a "federal right." *Gomez,* 446 U.S. at 640, 100 S.Ct. at 1923. After reading plaintiff's submissions, it is unclear whether he advances both procedural and substantive due process claims. The gist of his federal civil rights argument is that he was deprived of his fourth and fourteenth amendment rights when he was arrested and detained for the events giving rise to this action. Because plaintiff has not structured his argument as to the type of violation he asserts, the court will analyze his claims under both a procedural and substantive due process framework.

#### A. PROCEDURAL DUE PROCESS

■ When the fourteenth amendment comes into play, the deprivations plaintiff

asserts "must be cognizable as protected liberty interests." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982). In *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Court said that liberty included the "freedom from bodily restraint." *Roth,* 408 U.S. at 572, 92 S.Ct. at 2707. The definition of what constitutes a liberty interest has been narrowed by the Supreme Court in recent years. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). For the purposes of this motion, the court will assume that plaintiff has demonstrated that a protected liberty interest has been infringed.

 The procedural due process analysis does not stop because plaintiff has shown that he may have been deprived of a protected liberty interest. Plaintiff must show that this interest has been infringed upon without due process of law. *Bacon v. Patera,* 772 F.2d 259, 263–64 (6th Cir.1985). In proceeding with such an argument, plaintiff can take one of two routes. First, he can show that the city had an established procedure or policy of making groundless arrests, detentions, or prosecutions. In the present case plaintiff has not made such allegations or submitted any evidence to suggest this sort of pattern or practice.

Or, second, plaintiff can make out his procedural due process claim by showing that defendants' actions were only "random and unauthorized" conduct. If this is alleged, then plaintiff would have to show that state remedies are inadequate. *Bacon,* 772 F.2d 264; *Wilson v. Beebe,* 770 F.2d 578, 583–84 (6th Cir.1985).

In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court limited the use of section 1983 in procedural due process cases. The Court held that there is no cause of action under the statute for random, unauthorized acts of state officials which deprive a person of property if the state provides an adequate post-deprivation remedy. The Sixth Circuit stated:

> If the state does provide a remedy which meets this standard, then the deprivation, though under color of state law, is

not without due process of law. The state remedy need not be as complete as that which would have been provided by section 1983. 'Although the state remedies may not provide the respondent with all the relief which may have been available if it could have proceeded under section 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process.'

*Wilson v. Beebe,* 770 F.2d at 583.

 The court must ask whether the State of Michigan provided an adequate post-deprivation remedy here. Although the parties did not address this question, it appears that Mr. Davey has adequate remedies under state law. In this case, the state remedies would be a tort action based on false arrest, false imprisonment, malicious prosecution, and negligence—all of which have been filed as pendent state claims. Though the state may not permit Mr. Davey to recover attorney fees, which are available under section 1983, this does not render the state remedy inadequate. *Beebe,* 770 F.2d at 584. These remedies appearing adequate, Mr. Davey does not state a procedural due process claim. *See Patera,* 772 F.2d at 264; *Beebe,* 770 F.2d 578, 583–84.

## B. SUBSTANTIVE DUE PROCESS

Although plaintiff does not spell out his position, he appears to advance both fourth and fourteenth amendment subtantive due process arguments. He argues that his fourth amendment right to be free from unreasonable search and seizure has been violated. *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977).

 Plaintiff challenges his arrest here as having been made without a warrant and without probable cause. When an arrest is made without probable cause, the aggrieved person may bring an action under section 1983. *Mann v. Cannon,* 731 F.2d 54 (1st Cir.1984); *Green v. Brown,* 535 F.Supp. 1096 (E.D.N.Y.1982). However, if probable cause to "arrest has been established, [plaintiff] cannot recover for a violation of civil rights arising out of arrest." *Green,* 535 F.Supp. at 1100; *Vela v. White,* 703 F.2d 147 (5th Cir.1983).

## 1. IMMUNITY

■ Before addressing the substantive section 1983 issue concerning probable cause, the court must first decide whether defendant(s) may be shielded by the doctrine of qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The U.S. Supreme Court has emphasized that the question of immunity is a "threshold" inquiry which should be resolved as early as possible. The question of immunity is purely a legal one. *Id., Donta v. Hooper,* 774 F.2d 716 (6th Cir.1985). In facing the immunity question, trial courts have been admonished to be wary to the possibility of frivolous litigation and the danger of allowing "insubstantial suits" against police officials to proceed to trial. *Harlow,* 457 U.S. at 809, 102 S.Ct. at 2733.

■ The doctrine of qualified immunity holds that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. This is an objective standard, eliminating from consideration inquiry about the officer's subjective state of mind, such as bad faith or malice. *Id.* at 816–18, 102 S.Ct. at 2737–38; *Floyd v. Farrell,* 765 F.2d 1 (1st Cir.1985).

Under this standard, the reasonableness of the official conduct is not measured against the official's actual knowledge of constitutional standards and the probable constitutionality of his or her action, but rather against a relatively uniform level of 'presumptive knowledge' of constitutional standards.

765 F.2d at 4, citing *Harlow,* 457 U.S. at 815, 102 S.Ct. at 2736. The general rule in applying *Harlow* is that an officer's qualified immunity "is pierced only if there clearly was no probable cause at the time the arrest was made." *Farrell,* 765 F.2d at 5. The officers must establish that they acted in good faith and had a reasonable belief that their conduct was permissible. *Flair v. Cox,* 402 F.Supp. 818, 822 (M.D. Tenn.1975).

■ Traditional probable cause criteria have been applied to warrantless arrests

although the standard may be different than for the issuance of an arrest warrant. Probable cause is defined "in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Gerstein v. Pugh,* 420 U.S. 103, 111, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975). Stated another way:

Probable cause exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution and prudence in the belief that the defendant is committing or has committed a crime.

*Floyd,* 765 F.2d at 5, citing *State v. Lemire,* 121 N.H. 1, 424 A.2d 1135 (1981).

■ In applying the *Harlow* test, the court must ask "whether another officer, standing in the officers' shoes and having the same information the officers had, would reasonably have come to the conclusion that he had probable cause to arrest" Davey for indecent exposure. The undisputed facts support defendants' position. There had been several sightings in the area of a man in a light blue Cutlass who had either exposed himself or was driving nude and masturbating. Police spoke with a witness, got a description of the suspect, his car, and the license plate number. An officer, armed with that information, was patrolling the area and stopped plaintiff who matched that description.

Under the teachings of *Harlow,* the court cannot probe the subjective beliefs or reasons the officers may have entertained. Rather the court must make an objective analysis of the officers' actions in light of the facts known at that time. Thus, the evidence supports the conclusion that the officers acted in a reasonable manner and that their conduct was lawful.[2]

It appearing that the officers were reasonable in their belief that a crime had been committed, the officers are immune from present section 1983 action.

Although plaintiff's position in this matter is understandable because of the facts and his ultimate acquittal, the "Constitution does not guarantee that only the guilty will be arrested. If it did, section 1983

**2.** By holding that the officers acted in a reasonable manner, the court is not making a probable cause determination. The court's inquiry is limited to that established in *Harlow.*

would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979).

Given the foregoing resolution of the immunity issue, the court need not address the city's liability. From the court's reading of the complaint, there is no nexus alleged between the acts complained of and the City of Detroit.

## 2. "SHOCKS THE CONSCIENCE" STANDARD

▮▮▮▮▮ Plaintiff also seems to argue that this is "a case which fits the other prong of substantive due process—official acts which 'may not take place no matter what procedural protections accompany them.'" *Beebe*, 770 F.2d at 586, citing *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 at 3208 n. 4, 82 L.Ed.2d 393 (1984). In his complaint, plaintiff states that he was "pushed ... over the hood of his automobile and handcuffed ... and forced" into the police car. Complaint at ¶ 13.

This type of substantive due process claim does not require a specific constitutional guarantee be violated other than the due process clause, but rather that the officials' action "shocks the conscience." *See Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). The Sixth Circuit has called this a "substantive due process right akin to the 'fundamental fairness' concept of procedural due process." 770 F.2d at 586.

The "shocks the conscience" standard has its genesis in the *Rochin* case. There a suspect placed some capsules containing narcotics in his mouth as he was being arrested. Police took the suspect to the hospital where his stomach was pumped to recover the capsules as evidence. The Court found that this type of police conduct offended "canons of decency and fairness which express ... notions of justice...." 342 U.S. at 169, 72 S.Ct. at 208. Accord: *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (intentional assault upon prisoner with death threat).

Given the proper standard to apply in a Rule 12(b)(6) motion, this court concludes that plaintiff has stated a claim for a substantive due process violation under a *Rochin* analysis. *See also Rutherford v. City of Berkeley*, 780 F.2d 1444 (9th Cir. 1986). It can be argued, however, that plaintiff is required to make a stronger factual allegation when attempting to state a claim under a *Rochin*-type argument. Bearing in mind that this is a civil rights case, and that higher courts have admonished the district courts to be extremely cautious before dismissing such a case on the pleadings, this court will take the cautious approach and allow this single claim to stand.[3]

Because plaintiff appears to have full redress with his state law claims, discussed *infra*, the court orders plaintiff to notify the court in writing within 20 days from the date of this order if he wishes to pursue this claim in the federal court. Failure to do so will result in a dismissal of this action. If plaintiff desires to continue his federal civil rights actions, discovery will proceed on this issue, and the court will entertain an appropriate motion to decide the viability of this claim when discovery is completed.

## VI.

As to plaintiff's state law claims, alluded to *supra*, the court dismisses these without prejudice under the authority of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff is free to attempt to pursue these in state court.

## VII.

In sum, plaintiff's section 1983 claims are dismissed for failure to state a claim upon which relief can be granted, with the sole exception of the *Rochin*-type claim he apparently advances. Plaintiff has the option of pursuing the matter with this court, as stated *supra*. Plaintiff's state law claims are dismissed without prejudice.

IT IS SO ORDERED.

---

**3.** By allowing this claim to withstand defendants' Rule 12(b)(6), Fed.R.Civ.P., motion, the court is not suggesting that it can do likewise if a summary judgment motion is brought. Rule 56, Fed.R.Civ.P.