Belknap
No. 89-017

THE STATE OF NEW HAMPSHIRE

v.

JAMES POLITO

November 16, 1989

*John P. Arnold,* attorney general (*Mark E. Howard,* attorney, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

JOHNSON, J. The defendant appeals his conviction of escape under RSA 642:6, I. He argues that the Trial Court (*O'Neil,* J.) erred in his charge to the jury in impermissibly altering an essential element of the offense by broadening the definition of "arrest" beyond that contemplated by the statute. Finding no error, we affirm.

Officer Vincent Baiocchetti of the Gilmanton Police Department was called to the Beach One area of Sawyer Lake on August 24, 1987, at approximately 3:30 to 4:00 p.m. to respond to a report of a motorcycle racing about the area. Upon his arrival, he stopped his vehicle at the general store and observed three people at a phone booth, one of whom was inside the booth when he arrived. This person, upon seeing the officer, attempted to hide his identity by

putting his head down, but the officer saw the person and recognized him.

At the time there were active warrants outstanding for the arrest of the defendant, so that upon recognizing the defendant the officer exited his cruiser and approached the phone booth. The defendant, upon observing this, began to walk from the scene. The officer then called out to the defendant, who stopped, and the officer then physically grabbed the defendant and announced, "You're under arrest." The defendant protested by stating, "What for? What for?" The officer informed him that the reason for his arrest was the fact that there were outstanding arrest warrants from the Laconia District Court.

The defendant broke the officer's grip on him and began to run away. The officer gave chase and ordered the defendant to stop. The defendant then picked up a rock and threatened to throw it at the officer, but the officer told him that this was not "his best course of action." The defendant then dropped the rock and ran off into the woods. He was later apprehended and charged with escape.

Following the testimony at trial, the trial judge instructed the jury on the elements of the offense. RSA 642:6 defines the crime of escape. Paragraph I states that "a person is guilty of an offense if he escapes from official custody." Paragraph II defines "official custody" as including "arrest." Arrest, in turn, is defined under RSA 594:1 as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime."

As part of the trial court's instruction, he stated:

> "A person is in custody if he is told—at least in this type of case—if he's told that he's under arrest, accompanied by some overt act, and he is not free to leave ...."

■ The trial court's instruction can only be faulted in that the court placed upon the State an additional burden of proof that is not required. The trial court imposed upon the State the burden that the defendant be "told that he's under arrest." However, it is clear that the State need not prove that the officer uttered the magic words, "You're under arrest." *State v. Brodhead,* 116 N.H. 39, 40, 351 A.2d 57, 58 (1976). For an effective arrest, "there must exist 'an intent on the part of the arresting officer to take the person into custody and a corresponding understanding by the person arrested that he is in custody.'" *State v. Lemire,* 121 N.H. 1, 4, 424 A.2d 1135, 1137 (1981) (citations omitted).

The defendant argues that the trial court's charge impermissibly broadened the statutory definition of an arrest, that the additional language in the trial court's charge relates to when a seizure has occurred for constitutional purposes, and that the scope of the crime of escape was therefore impermissibly expanded. *See State v. Chaloux*, 130 N.H. 809, 546 A.2d 1081 (1988). We find the defendant's reliance on *Chaloux* to be misplaced. To be sure, there are various forms of seizures of individuals which are less intrusive and fall short of an arrest. However, the determination of when an arrest has taken place depends on the facts and circumstances of each case. *State v. Rocheleau*, 117 N.H. 792, 794, 378 A.2d 1381, 1383 (1977). The facts of this case could hardly be more favorable to the State in determining that the officer effectuated an arrest. Nothing in the trial court's charge could reasonably have been interpreted by the jury as indicating that the evidence before them would permit conviction for an escape from a seizure less intrusive than an arrest.

We hold that the trial court's instructions to the jury did not prejudice the defendant.

*Affirmed.*

All concurred.