Strafford
No. 90-199

THE STATE OF NEW HAMPSHIRE

v.

GARY BROWN

June 7, 1991

*John P. Arnold,* attorney general (*Mark E. Howard,* assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

THAYER, J.   The defendant was convicted after a jury trial in Superior Court (*Nadeau,* J.) of first degree assault, RSA 631:1 (Supp. 1990). On appeal, the defendant argues that he was denied his State and federal constitutional rights to due process of law and a fair trial when the trial court delayed notifying counsel of the jury's request for supplemental instructions, and when the trial court then refused to issue the instructions because the jury indicated that they had subsequently reached a verdict. Finding no prejudice to the defendant, we affirm.

The defendant was indicted on charges of attempted murder and first degree assault. On the first day of deliberations, the jury sent the following question to the trial court: "We need a further explanation of the concept of reasonable doubt as it applies to the two parts of what the State has to prove in the attempted murder charge, i.e., what is enough and not enough proof?" The trial court received the question while it was presiding over another trial. The court chose to continue with the closing arguments in that case and complete its final charge before summoning trial counsel in the case before us to address the jury question. The record indicates that nineteen minutes elapsed between the time the trial court was presented with the jury's question and the time counsel was called into chambers and notified of it. As the trial judge was entering chambers to discuss the problem, the bailiff told him that the jury foreperson had just indicated that the jury no longer needed an answer. The judge nevertheless began to outline a proposed response. Before he finished, however, the bailiff announced that the jury had reached a verdict. The judge then decided not to give the jury a response, and the defendant was acquitted on the attempted murder charge and convicted of first degree assault.

On appeal, the defendant argues that the trial court's refusal to respond to the jury's request for supplemental instructions constituted reversible error. The defendant's position is that the jury's

question was a general one concerning the concept of reasonable doubt, and that, therefore, an instruction from the trial court would have aided the jury's deliberations on both the attempted murder charge and the first degree assault charge. We disagree. The jury's question was specific as to the quantum of proof necessary to find that the State had proved attempted murder. Because the defendant was acquitted of attempted murder, a fair inference is that the jury resolved its differences in favor of the defendant. "In view of this resolution, [the defendant] could not have been harmed by the judge's failure to answer the jury's question, for the judge's answer could not have produced a more favorable result for him." *United States v. Clavey*, 565 F.2d 111, 119–20 (7th Cir. 1977), *vacated on other grounds*, 578 F.2d 1219 (7th Cir. 1978); *see State v. Polito*, 132 N.H. 410, 412, 566 A.2d 183, 185 (1989) (conviction upheld where jury instruction caused defendant no prejudice). Accordingly, we affirm the conviction.

*Affirmed.*

All concurred.